311 So.2d 806 (1975)
RESORTS INTERNATIONAL, INC., a Delaware Corporation, and Britannia Beach Hotel Company, Ltd., a Bahamian Corporation, Appellants,
v.
AMERICAN HOME ASSURANCE COMPANY, a New York Corporation, and the Travelers Indemnity Company, a Connecticut Corporation, Appellees.
No. 74-1009.
District Court of Appeal of Florida, Third District.
April 15, 1975.
Rehearing Denied May 14, 1975.
Fowler, White, Humkey, Burnett, Hurley & Banick and A. Blackwell Stieglitz, Miami, for appellants.
Underwood, Gillis, Karcher, Reinert & Gordon and Albert A. Gordon, Adams, George, Wood, Lee, Schulte & Thompson, Miami, for appellees.
Before HENDRY and HAVERFIELD, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
Plaintiff-appellants seek review of final summary judgment entered in favor of the defendant-appellee insurers in this action to determine insurance coverage.
Plaintiff-appellants had purchased a boiler and machinery policy from the defendant American Home Assurance Company at the time of the failure of their newly installed air-conditioning system and further, had purchased the same type of insurance policy from defendant-appellee The Travelers Indemnity Company at the time of the second failure. Both policies provided coverage for accidental breakdown which was defined as: "a sudden and accidental breakdown of the object, or a part thereof which manifests itself at the time of its occurrence by the physical damage to the object which necessitates repair or replacement of the object or part thereof." *807 However, excluded from the meaning of accident was "deleted, corrosion or erosion of material." Plaintiffs filed claims with the respective defendant insurers which denied these claims on the grounds that the cause of the air-conditioning failures was the result of corrosion. Thereupon, plaintiffs filed the instant suit to recover on its claims. Following pre-trial discovery, both defendants filed motions for summary judgments which after hearing oral argument thereon, the trial judge granted. Plaintiffs appeal therefrom. We affirm.
The record on appeal demonstrates that it is undisputed that the air-conditioning failures were the result of corrosion, a cause which is specifically excluded under both policies. Thus, we conclude the trial judge was eminently correct in entering the summary final judgments in favor of defendant-appellees.
Accordingly, the judgments herein appealed are affirmed.
Affirmed.