SAVOIE, Judge.
Philip Werlein, Ltd. instituted this suit as the holder of a promissory note and chattel mortgage executed on behalf of Central First Baptist Church in connection with the Church’s acquisition of an organ and bench. After the organ and bench were seized and sold under executory process, plaintiff brought an ordinary action for deficiency judgment against the church as vendee-mortgagor and against John Hul-bert and Julius H. Lacey, Jr., as guarantors. Hulbert and Lacey thereafter entered into a compromise agreement with plaintiff and filed an answer and third-party demand against Oren Wilson, the church’s preacher. As third-party plaintiffs, Hulbert and Lacey alleged Wilson agreed to assume all of the church’s outstanding debts, including notes on the organ, the church bus, and the property on which the church is located. Third-party plaintiffs further alleged Wilson agreed to hold them harmless from the payment of the notes on the bus, organ and church property, in consideration for being given control over all of the assets of the church. At the hearing to confirm the default, Hul-bert and Lacey’s testimony indicated Wilson “took over” as the new reverend of the church and received all the benefits as such and including revenues from the congregation.
After entering into a compromise with Hulbert and Lacey, Werlein submitted a judgment dismissing with prejudice the principal action against defendants Hulbert and Lacey, but expressly reserving defendants’ rights to proceed with the third-party demands against Wilson. A default judgment was subsequently rendered against Wilson on the third-party demands and this appeal followed.
Wilson contends the trial court improperly allowed defendants to recover on their third-party demands, for reimbursement of sums paid Dial Finance Company for the bus and First Federal Savings and Loan Association for the church property. Wilson contends LSA-C.C.P. art. lili[1] autho *1028 rizes the use of third-party demands solely as an attempt to pass on liability only for what is claimed in the principal demand.
Clearly, defendants’ third-party demands against Wilson to indemnify them for payments made on the organ constitute a proper use of the third-party practice authorized by LSA-C.C.P. art. 1111. See Hubbs v. Canova, 427 So.2d 875 (La.App. 1st Cir.1982). Consequently, the demands for indemnification for payments made on the church bus and property were not improperly cumulated with the demands regarding the organ. See LSA-C.C.P. arts. 461, et seq., 1040. Therefore, we cannot say the trial court erred in considering these claims in the interest of judicial efficiency. See Union Service & Maintenance Co., Inc. v. Powell, 393 So.2d 94, 96 (La.1980).
Although the claims were properly cumulated, we find the trial court erred in awarding third-party plaintiffs the sums they paid on the bus and church property. A judgment of default must be confirmed by proof of the demands sufficient to make out a prima facie case. LSA-C.C.P. art. 1702. The essential elements of the prima facie case must be proven by competent evidence, with legal certainty, as fully as though each allegation was specifically denied by the defendant. Brown v. Tinsley, 433 So.2d 305 (La.App. 1st Cir.1983). Conspicuously lacking from the record is any documentary evidence of third-party plaintiffs’ liability for the bus and property notes. Without any corroborating documentary evidence, we find third-party plaintiffs have failed to prove with legal certainty an essential element of their claims for reimbursement regarding the property and bus notes. See Baham v. Faust, 373 So.2d 725 (La.App. 1st Cir.1979), appeal after remand, 382 So.2d 975 (La.App. 1st Cir.1980).
Wilson additionally contends the third-party demands regarding the organ were extinguished by the fact that plaintiff compromised with Hulbert and Lacey and dismissed the principal demand. Wilson cites LSA-C.C. art. 2205, which provided in pertinent part: “The remission or even conventional discharge granted to a principal debt- or, discharges the sureties.”[2]
Appellant fails to recognize, however, that his liability is based upon an alleged contract of indemnification, not on suretyship. See Commercial Union Insurance Company v. Melikyan, 430 So.2d 1217, 1221 (La.App. 1st Cir.1983); LSA-C.C. art. 3035. The testimony presented by Lacey and Hulbert shows Wilson agreed to become primarily liable for the church’s debts and to hold Hulbert and Lacey free and harmless from these debts. Furthermore, LSA-C.C.P. art. 1039 expressly provides that the dismissal of the principal action shall not in any way affect an incidental demand which has been pleaded pri- or to the motion by plaintiff to dismiss the principal demand. Not only did plaintiff submit the judgment of dismissal after the filing of the third-party demand, the judgment expressly reserved third-party plaintiffs’ rights to proceed with their third-party demands.
Wilson’s next argument is that there was no consideration for his promise to assume the debts of third-party plaintiffs, i.e., that the “turning over of control” to Wilson was a duty with no definable or tangible benefit.
We find this argument to be without merit. The law presumes there is sufficient and valid consideration for entering into a contract until that question is placed *1029 at issue. First Federal Savings v. American Bank & Trust, 461 So.2d 341 (La. App. 2d Cir.1984). Even if there were no such presumption, the testimony presented at the hearing established valid consideration for the obligation in as much as Wilson received the benefit of all the church’s property and revenues as its pastor.
Wilson’s final argument is that because the “right of control” was taken away from him, his obligations under the alleged agreement were likewise extinguished. We disagree. The testimony indicates Wilson was replaced by another pastor because he stopped making payments on the church debts and that the amounts paid by third-party plaintiffs for the organ came due while Wilson was acting as pastor of the church. Furthermore, extinguishment of the obligation in any manner is an affirmative defense which should have been specifically pleaded and proven by the defendant. See LSA-C.C.P. art. 1005. Having failed to answer or defend the third-party demands, Wilson may not now defeat the default judgment against him by asserting a defense on appeal. Galland v. National Union Fire Insurance Company, 452 So.2d 397 (La. App. 3rd Cir.1984).
For the foregoing reasons, we amend the judgment below to reduce the sum awarded to third-party plaintiff John Hulbert to $850.00 and the sum awarded to third-party plaintiff Julius Lacey, Jr., to $850.00. As thus amended, the judgment of the trial court is affirmed. Costs are to be paid by appellant.
AMENDED, AND AS AMENDED AFFIRMED.

. LSA-C.C.P. art. 1111 states:
The defendant in a principal action by petition may bring in any person, including a codefendant, who is his warrantor, or who is or may be liable to him for all or part of the principal demand.
*1028 In such cases the plaintiff in the principal action may assert any demand against the third-party defendant arising out of or connected with the principal demand. The third-party defendant thereupon shall plead his objections and defenses in the manner prescribed in Articles 921 through 969, 1003 through 1006, and 1035. He may reconvene against the plaintiff in the principal action or the third-party plaintiff, on any demand arising out of or connected with the principal demand, in the manner prescribed in Articles 1061 through 1066.

. Subsequent to the compromise in this case, LSA-C.C. art. 2205 was effectively amended and replaced by LSA-C.C. art. 1892.