517 So.2d 225 (1987)
Robin W. POIRIER
v.
NATIONAL UNION FIRE INSURANCE COMPANY.
No. CA 86 1307.
Court of Appeal of Louisiana, First Circuit.
November 10, 1987.
*226 Jose Romanach, Baton Rouge, for Robin W. Poirier.
Todd A. Rossi, Baton Rouge, for Nat. Union Fire Ins. Co.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
ALFORD, Judge.
Plaintiff, Robin W. Poirier (Poirier), appeals the judgment of the district court granting summary judgment in favor of defendant, National Union Fire Insurance Company (National Union), and dismissing Poirier's petition.
National Union issued a lawyers professional liability insurance policy to Poirier covering the period September 18, 1982 through September 18, 1983. In April, 1981, Poirier apparently made an error in a title opinion letter. However, he was not aware of this error and potential malpractice claim until May, 1983. At that time, Poirier paid the sum of $12,500 in order to resolve this title problem. In January, 1985, Poirier notified National Union of this claim and asked to be reimbursed the $12,500. National Union denied Poirier's claim. Poirier's suit against National Union followed. National Union moved for summary judgment, contending that a provision in the insurance policy limited its coverage to those claims reported to it within the policy period, and in the instant case, the claim was made after the policy period terminated. After reviewing the pleadings, National Union's memorandum and the certified copy of the insurance policy[1], the trial court granted the summary judgment.
Poirier appeals, claiming that factual and legal issues remain in dispute concerning whether the notice provision in the insurance policy violates public policy. Since this issue was not raised in either the pleadings or the motion for summary judgment, Poirier is precluded from raising this issue on appeal. Lusk v. Aetna Casualty and Surety Company, 295 So.2d 238, 241 (La.App. 3rd Cir.1974). See La.Code Civ.P. art. 967; State ex rel. Langlois v. Lancaster, 53 So.2d 270 (La.App. 1st Cir.1951).
It may be noted, however, that, even if the issue had been raised at the trial level, it is settled that such an endorsement or provision in an insurance policy, making it, in effect, a "claims-made policy," is not against public policy or morals. Livingston Parish School Board v. Fireman's Fund American Insurance Company, 282 So.2d 478 (La.1973). In Livingston, 282 So.2d at 481, our supreme court stated as follows:
"Where a policy unambiguously and clearly limits coverage to acts discovered and reported during the policy term, such limitation of liability is not per se impermissible. *227 J.M. Brown Const. Co. v. D & M Mechanical Contr., Inc., 222 So.2d 93 (La.App. 1st Cir.1969); see also Home Ins. Co. v. A.J. Warehouse, Inc., 210 So.2d 544 (La.App. 4th Cir.1968), syllabus 6. "This is in accordance with the general principle that, in the absence of conflict with statute or public policy, insurers may by unambiguous and clearly noticeable provisions limit their liability and impose such reasonable conditions as they wish upon the obligations they assume by their contract. Snell v. Stein, 261 La. 358, 259 So.2d 876, 878 (1972), and decisions there cited.
"No American decision we could find holds public policy to be offended by discovery and reporting provisions similar to the present."
The title of the insurance policy issued to Poirier states in unmistakably clear language, "LAWYERS PROFESSIONAL LIABILITY POLICY," then in white lettering set out boldly in a black box, the heading states: "(THIS IS A CLAIMS-MADE POLICYREAD CAREFULLY)." Then the policy refers to two endorsements, one of which clearly reads in pertinent part as follows:
It is understood and agreed that:
1. "Insuring Agreement 1, Coverage" is deleted in its entirety, and replaced by the following:
1. Coverage

To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of any claims, including claims (s) for personal injury, first made against the insured and reported to the Company during the policy period, arising out of any act or omission of the insured in rendering or failing to render professional services for others in the insured's capacity as a lawyer, a title insurance agent, fiduciary or Notary Public, and caused by the insured or any other person for whose acts or omissions the insured is legally responsible, except as excluded or limited by the terms, conditions and exclusions of this policy. (Emphasis added.)
The plain intent of the language in this policy is to restrict National Union's liability to those claims discovered and reported during the policy period. We follow the rationale of Livingston, 282 So.2d at 481, and interpret this claims-made policy provision as creating a limitation in coverage. We therefore hold that, since no claim was made during the policy period, no coverage was afforded for Poirier's claim.
An insurance policy is a contract between the insurer and the insured and has the effect of law between the parties. Dietrich v. Travelers Insurance Company, 504 So.2d 970 (La.App. 1st Cir.1987); Miller v. Duthu, 470 So.2d 500 (La.App 1st Cir.1985), writ denied, 474 So.2d 1310 (La. 1985). Insurers have the same rights as do individuals to limit their liability and to enforce whatever conditions they please upon their obligations. In such an event, unambiguous provisions in the insurance contract limiting liability must be given effect. Oceanonics, Inc. v. Petroleum Distributing Company, 280 So.2d 874, 878 (La.App. 3rd Cir.1973).
The facts in this case are undisputed and are clear from the pleadings, memoranda and insurance policy. The policy period was from September 18, 1982 through September 18, 1983. By its terms, National Union agreed to pay for any claim against Poirier arising out of any act or omission in connection with rendering of professional services. An express condition limiting National Union's liability was the requirement that the insured notify National Union of the claim during the policy period. Poirier admits of learning about the possible claim in May, 1983. It is also undisputed that Poirier failed to notify National Union of the claim until January, 1985, almost 16 months after the policy period had terminated.
Summary judgment is proper if the pleadings, affidavits, etc. show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966; Wilson v. H.J. Wilson Co., Inc., 492 So.2d *228 54 (La.App. 1st Cir.1986), writ denied, 496 So.2d 355 (La.1986). Based upon the evidence before him, the trial judge properly granted National Union's motion for summary judgment because there were no genuine issues of material fact in the record and National Union was entitled to judgment as a matter of law.
For the reasons assigned, the judgment appealed is affirmed. Costs of this appeal are assessed against Poirier.
AFFIRMED.
NOTES
[1] Poirier did not file a memorandum in opposition to the summary judgment nor did he file any counter-affidavits to support his opposition.