525 So.2d 686 (1988)
Guy Lester McFARLAND, Jr. and Mary Elizabeth D'Albor McFarland
v.
Rodni Eugene SAUVINET, Ivy Bean Sauvinet, Jay Crow & Associates, Beauchamp & Associates, Bonnie Heflin and L.D. Jones.
No. CA 870500.
Court of Appeal of Louisiana, First Circuit.
May 17, 1988.
*687 L. Phillip Canova, Jr., Plaquemine, for plaintiff-appellee Guy Lester McFarland, Jr., et al.
Myron Walker, Jr., Baton Rouge, for defendant-appellant Jay Crow & Associates, Inc. and Bonnie Heflin.
Ashton O'Dwyer, Jr., New Orleans, for third party defendant-appellee The Home Ins. Co.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
ALFORD, Judge.
On January 9,1986, Mr. and Mrs. Guy L. McFarland, Jr., (plaintiffs), purchased a home from Mr. and Mrs. Rodni E. Sauvinet (Sauvinets), through a realty agency, Jay Crow and Associates (Jay Crow). The home and property flooded on February 4, 1986. Thereafter, on February 19, 1986, plaintiffs sued the Sauvinets, Jay Crow, Bonnie Heflin (Jay Crow's agent) and another realty agency, Beauchamp and Associates, for rescission of the sale plus damages.
Jay Crow and Bonnie Heflin (Heflin) first received notice of the plaintiffs' claim on March 13, 1986, when the lawsuit was served on them. On July 18, 1986, Jay Crow and Heflin filed a third-party demand against The Home Insurance Company (Home) based upon a professional liability insurance policy. Jay Crow and Heflin sought indemnity for any amounts for which they might be found liable on the main demand plus interest, penalties and attorney's fees for Home's arbitrary and capricious refusal to indemnify and defend Jay Crow and Heflin on the main demand.
On September 29, 1986, Home moved for summary judgment against Jay Crow and Heflin. Home argued that its "claimsmade" policy only provided for coverage and a defense for those claims which were "first made against the insured during the policy period". The term of Home's policy was from February 28, 1985 to February 28,1986. Since Jay Crow and Heflin's first notice of the lawsuit or claim was not until service of process was effected on March 13, 1986 (after the policy period), Home argued that there was no coverage under the policy and they had no duty to defend Jay Crow and Heflin. The trial judge agreed with Home and on January 27, 1987, granted summary judgment in favor of Home, dismissing any and all claims by Jay Crow and Heflin against Home, with prejudice.
Approximately two weeks later, on February 9, 1987, plaintiffs jointly moved with Jay Crow and Heflin to voluntarily dismiss Jay Crow and Heflin, with prejudice, from the main demand. A judgment was signed accordingly, reserving plaintiffs' rights against all other defendants. The judgment did not specifically reserve Jay Crow and Heflin's rights in their third-party demand.
On February 17, 1987, Jay Crow and Heflin timely appealed the summary judgment which dismissed Home from their Cite as S2J SoM it *688 third-party demand. Since Jay Crow and Heflin are no longer parties to the main demand, the only issue on appeal is whether or not Home is liable for penalties and attorney's fees for its refusal to defend Jay Crow and Heflin on the main demand. To reach this question, we must determine whether the trial court erred in granting summary judgment in favor of Home. However, we feel compelled to first address the awkward procedural posture of this case on appeal.

PROCEDURAL ISSUES
This case is presented to us in an awkward procedural posture since the party appealing has been dismissed from the main demand. At first glance, it appears that Jay Crow and Heflin are no longer in a position to appeal. However, La.Code Civ.P. art. 1039 expressly provides that the dismissal of the principal action shall not in any way affect an incidental demand which has been pleaded prior to the motion by plaintiff to dismiss the principal demand. Since plaintiffs submitted the judgment of dismissal after the filing of the third-party demand, Jay Crow and Heflin's third-party demand is not affected by the dismissal of the main demand. See Philip Werlein, Ltd. v. Central First Baptist Church, 489 So.2d 1026, 1028 (La.App. 1st Cir.1986). Although the judgment of dismissal did not expressly reserve Jay Crow and Heflin's rights to proceed with their third-party demand, we believe the plain language of art. 1039 leaves their rights intact.
Jay Crow and Heflin's third-party demand sought penalties and attorney's fees in addition to indemnity for damages on the main demand. The claim for indemnity was a proper third-party demand under La. Code Civ.P. art. 1111.[1] We conclude judicial efficiency is served by allowing Jay Crow and Heflin to further demand their own damages (penalties and attorney's fees) arising out of the circumstances in addition to the damages demanded of them in the main demand. See Travelers Insurance Company v. Sonnier, 344 So.2d 73, 75 (La.App. 4th Cir.1977). However, since Jay Crow and Heflin will never be cast in judgment on the principal demand, it necessarily follows that Home can never be cast in judgment for indemnity. Dupre v. Vidrine, 261 So.2d 288 (La.App. 3d Cir.1972), writ denied, 262 La. 312, 263 So.2d 48 (1972). Therefore, Jay Crow and Heflin's only remaining demand against Home is for penalties and attorney's fees.

SUMMARY JUDGMENT
Passing on to the merits of this case, Jay Crow and Heflin have appealed the trial court's ruling in favor of Home on the summary judgment motion. The primary issue before us is whether or not Home had an obligation to defend Jay Crow and Heflin.
The claims-made policy provided the following with respect to the insurer's duty to defend:
"With respect to the insurance afforded by this policy, the Company shall defend any claim against the Insured ..." (Emphasis added.)
Thus, the policy unambiguously provides for a duty to defend only if there is a "claim". The definition of "claim" in the policy is as follows:
Claim means, whenever used in this policy, a demand received by the Insured for money or services, including the service of suit or institution of arbitration proceedings against the Insured. (Emphasis added.)
It is undisputed that Jay Crow and Heflin did not receive a claim (or demand) during the policy period.[2] Therefore, it follows that Home had no duty to defend Jay Crow and Heflin.
*689 Summary judgment is proper if the pleadings, depositions, etc. show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966. The trial judge correctly held that there was no genuine issue as to any material fact because the language of the Home policy unambiguously excluded coverage. The pertinent policy language is as follows:
The Coverage
1. Professional Liability and Claims Made Clause:
To pay on behalf of the Insured all sums in excess of the deductible amount stated in the Declarations which the Insured shall become legally responsible to pay as damages as a result of CLAIMS FIRST MADE AGAINST THE ISURED DURING THE POLICY PEROD.
Reading this provision with the policy definition of "claim", it is clear that the policy requires more than the mere filing of a lawsuit before there is a "claim". The trial judge, in his oral reasons for judgment, summarized it well:
[I]t means what it says, and that is clearly `demand received'. The filing of suit is not the receipt of a demand, the service of the suit is the receipt of the demand. This suit was served two weeks after the coverage was expired and, therefore, the motion for summary judgment will be granted.
Unambiguous provisions in an insurance policy limiting liability must be given effect. Poirier v. National Union Fire Insurance Company, 517 So.2d 225, 227 (La.App. 1st Cir.1987). Jay Crow and Heflin's argument that this claims-made policy is ambiguous and against public policy is without merit. See Poirier, 517 So.2d at 226.
We conclude that based upon the evidence before him, the trial judge properly granted Home's motion for summary judgment because there were no genuine issues of material fact in the record and Home was entitled to judgment as a matter of law. We cannot say now that Home is liable for penalties and attorney's fees to Jay Crow and Heflin.
For the reasons assigned, the judgment appealed is affirmed. Costs of this appeal are assessed against Jay Crow and Heflin.
AFFIRMED.
NOTES
[1] La.Code Civ.P. art. 1111 states in part:

The defendant in a principal action by petition may bring in any person, including codefendant, who is his warantor, or who is or may be liable to him for all or part of the principal demand.
[2] The sworn statements of Jay Crow representatives and Heflin show that no agent, employee or representative of Jay Crow had any notice that a demand for money or services would be made upon Jay Crow or Heflin prior to service of process on March 13, 1986, over two weeks after the expiration of the policy period.