EDWARDS, Judge.
The issue in this case is whether the provisions in a boiler and machinery insurance policy extend coverage to the damage caused by corrosion. The trial court found that coverage existed under the policy and held in favor of the plaintiff, Central Louisiana Electric Company, Inc. (CLECO). The defendant-insurers appeal.[1] We reverse.
BACKGROUND
On June 2, 1982, an accident occurred at the CLECO generating station in Baldwin, Louisiana. Several turbine blades were directly damaged in the incident. The cost of replacing the blades damaged in the June 2 accident was within the deductible of CLE-CO’s boiler and machinery insurance policy.
An examination of some of the blades by the manufacturer of the turbine, Westinghouse, revealed that some of the blades in the turbine, although not directly damaged in the accident, had been damaged by corrosion pitting and stress corrosion cracking. The corrosion damage was a generic problem that this type of turbine blade often experienced.
Based on the information from Westinghouse, CLECO made the decision to replace this second group of blades, which consisted of blades damaged by corrosion pitting and stress corrosion cracking and blades in the area of the turbine most susceptible to this type of corrosion damage.
*122 The issue is whether the policy covers the cost of the replacement of this second group of blades. The trial court found that coverage existed and awarded penalties, attorney’s fees, and interest. The defendant-insurers appeal the judgment. Because we reverse on the issue of coverage, we will address only that issue and need not address appellants’ other assignments of error.
CLECO agrees that the policy deletes corrosion from coverage, but argues that damage caused by corrosion is not excluded. CLECO states that the stress corrosion cracks are not themselves corrosion, but unexpected accidental damage caused by corrosion. Therefore, the policy covers the damage.
PRINCIPLES
An insurance policy is a contract, and the rules of interpretation of contracts apply. Coates v. Northlake Oil Co., Inc., 499 So.2d 252, 255 (La.App. 1st Cir.1986), cert. denied, 503 So.2d 476 (La.1987). Words that are clear and do not lead to absurd results require no further interpretation in search of the parties’ intention. LSA-C.C. art. 2046. Except for technical terms, the words of a contract must be given their generally understood meaning. LSA-C.C. art. 2047.
Unless a limitation of liability conflicts with public policy or statutory law, insurers have the same rights as individuals to limit their liability and obligations. Poirier v. National Union Fire Insurance Company, 517 So.2d 225, 227 (La.App. 1st Cir.1987). Unambiguous provisions in an insurance policy limiting liability must be given effect. McFarland v. Sauvinet, 525 So.2d 686, 689 (La.App. 1st Cir.1988).
The applicable provisions of the policy are as follows:
INSURING AGREEMENT
The Company hereby agrees with the named Insured respecting loss from an Accident as defined herein, as follows: COVERAGE A — PROPERTY OF THE INSURED — To pay the Insured for loss or damage to property of the Insured directly caused by such accident to an Object....
[[Image here]]
DEFINITION OF ACCIDENT 1. Unless otherwise provided herein, “Accident” shall mean any sudden and accidental occurrence to the Object, or part thereof, which results in damage to the Object and necessitates repair or replacement of the Object or part thereof; but Accident shall not mean ... corrosion ....
APPLICATION OF PRINCIPLES
The applicable provisions of the policy are unambiguous, and the intent of the parties drawn from the provisions must be given effect. When the two sections, the insuring agreement and the definition of accident, are read together, the clear conclusion is that the parties did not intend to include in the coverage any damages directly caused by corrosion. See Resorts International, Inc. v. American Home Assurance Company, 311 So.2d 806, 807 (Fla.App.3d Dist.1975).
The insuring agreement provides that the policy covers damage directly caused by specific events, namely, accidents. Corrosion cannot be one of the specific events because, in the definitional section, corrosion is explicitly ruled out from inclusion in the types of events that trigger coverage. Therefore, the insuring agreement is that the policy does not cover damage directly caused by corrosion.
Expert testimony established that corrosion caused the cracks. Any contrary finding by the trial court was clearly wrong. There is no evidence to show that the damage to the second group of blades designated for replacement was caused by the June 2 accident or other accident as defined by the policy.
The cracks are damage caused by corrosion. Such damage is not covered by the policy. Therefore, the trial court erred in *123 finding that there was coverage.[2] This does not mean that if corrosion was an indirect cause of a sudden accidental occurrence that resulted in damage, the damage would not be covered.
For these reasons, the judgment appealed is reversed and there is judgment dismissing the plaintiffs suit. All court costs, including the costs of this appeal, are assessed to plaintiff, Central Louisiana Electric Company, Inc.
REVERSED.

. CLECO sued Westinghouse Electric Corporation and several insurance companies and underwriters that it believed were the issuers of the policy in question. Westinghouse Electric Corporation was subsequently dismissed. By the time of trial, the parties had agreed that the proper party defendants were Swett & Crawford of Louisiana, Incorporated, Lexington Insurance Company, Walbrook Insurance Company, Inc., El Paso Insurance Company, Ltd., Dart Insurance Company, Ltd., Louisville Insurance Company, Ltd., Bermuda Fire & Marine Ins. Co., Ltd., "Winterthur” Swiss Insurance Company, Ltd., Mutual Re Insurance Company, Ltd., Union America Insurance Company, Ltd., Orion Insurance Company, Limited, British Reserve Insurance Company, Ltd., Insurance Corporation of Ireland Limited, British National Insurance Company, Limited, The Yasuda Fire & Marine Insurance Company (UK) Limited, per Leslie & Godwin Agencies, Limited, The Copenhagen Insurance Company (UK) Limited, St. Katherine Ins. Co., Ltd., and Bryanston Ins. Co., Ltd. (defendant-insurers).

. Having already found that the cracks were caused by corrosion and reversed based on the clear provisions of the policy, it is not necessary to address CLECO’s argument that the cracks themselves are sudden accidental damage. However, it is unlikely that the pitting and stress corrosion cracking, which are generic problems that have plagued the old blade design and which are caused by the slow process of corrosion, fit within the definition of accident as a sudden accidental occurrence. See Metropolitan Waste Control Commission v. Protection Mutual Insurance Company, 1980 Fire and Casualty Cases (CCH) 1334 (Minn.Dist.Ct., March 26, 1980).