|2KLEES, Judge.
Defendants appeal from a judgment of the trial court rendered on a third party demand for indemnification. We affirm.

FACTS

Thelma and James Riley filed a petition for damages in July of 1994 on the basis of an injury Thelma Riley sustained when she slipped and fell on August 7, 1993 while exiting a dry cleaning business located in the Lake Terrace Center, Inc. In their original petition, plaintiffs named as defendants the owner of the property, Lake Terrace Center and its liability insurer, Reliance Insurance Company, (hereinafter “RLI”).[1] RLI answered the suit, and demanded trial by jury.
In August of 1995, RLI filed a third party demand against David Pesses d/b/a All Star Cleaners and American Central Insurance Company[2], alleging that Mrs. Riley’s injury occurred in an area occupied by Pesses pursuant to a lease agreement with RLI’s insured. RLI further alleged that based on the terms of the lease agreement, Pesses assumed responsibility for the leased premises and further agreed to indemnify and defend the lessor against any claim made in connection fawith an injury sustained upon the premises. The third party demand specifically requested that there be judgment rendered in RLI’s favor and against Pesses and American Central for an amount equal to the amount of any judgment rendered against RLI in the original demand, plus all attorney’s fees, costs, interest and other expenses incurred by RLI in defending the suit brought by the Rileys. The Rileys subsequently amended their petition to add Pesses and American Central as defendants. Pess-es and American Central answered the original petition and third party demand.
On April 11, 1996, the plaintiffs settled with and dismissed their claims against defendants, Lake Terrace and RLI, reserving their rights against the remaining defendants. In consideration for the release, defendants assigned their claim for indemnification against Pesses and American Central to the Rileys. By order signed May 9, 1996, the trial court dismissed the claims of plaintiffs against Lake Terrace and RLI with prejudice.
Plaintiffs’ remaining claims against Pesses and American Central proceeded to jury trial on July 13, 1996. The jury returned a verdict finding fault of Pesses, Lake Terrace and Mrs. Riley and assessed damages in the amount of $155,498.00. The jury allocated fault as follows:
David Pesses d/b/a All Star Cleaners 16.25%
Lake Terrace Center 23.75%
Thelma Riley 60%
^Following trial, a judgment was rendered in favor of Thelma Riley, casting Pesses and his insurer for 16.25% of the damages awarded by the jury, or $25,267.12.[3]
The third-party demand of RLI against Pesses and American Central, which was assigned to plaintiffs, was tried separately on October 2, 1997. Prior to the trial, Pesses and American Central brought an Exception of No Right of Action and a Motion for Partial Summary Judgment, arguing that RLI could not recover in indemnification as RLI had not been cast in judgment. The trial court did not rule on either of these motions.
*1160 The issues raised in the third party demand were submitted to the trial court on oral argument and supporting documentation. On November 20, 1997, the trial court rendered judgment, finding that the plaintiffs were entitled to recover from American Central and Pesses in their capacity as successors to the rights of Lake Terrace Center and RLI. The court found that Thelma Riley was entitled to recover from Pesses and American Central Lake Terrace Center’s share of fault of 23.75% of the damages awarded, or $36,931.00, and James Riley was entitled to recover $594.00 (or 23.75% of $2,500.00). The court also found that plaintiffs were entitled to recover RLI’s costs of defense, which was stipulated by counsel to be $7,500.00.
Pesses and American Central now appeal from this judgment.

DISCUSSION

The first issue presented for our review is whether a defendant who settled with the plaintiffs prior to trial and was voluntarily dismissed from the main demand may pursue a third party action against co-tort-feasors which was filed prior to dismissal of the main demand.
hLa. C.C.P. art. 1039 provides that the dismissal of the principal action shall not in any way affect an incidental demand which has been pleaded prior to the motion by plaintiff to dismiss the principal demand. In the present case, RLI’s third party demand against Pesses and American Central was pleaded prior the dismissal of plaintiffs’ claims against RLI. Thus, RLI, and plaintiffs as assignees, may pursue the claims raised in its third party demand after dismissal of RLI from the principal action.
Appellants contend on appeal that the trial court erred in rendering judgment in favor of plaintiffs/assignees on the third party demand as RLI, the assignor, was not cast in judgment in the principal demand and therefore has no rights of indemnification against appellants. In support of this position, appellants cite to McFarland v. Sauvinet, 525 So.2d 686 (La.App. 1 Cir.1988), which held that because the original defendants would never be cast in judgment on the principal demand, it necessarily follows that the third party defendants could never be cast in judgment for indemnity. However, the facts in McFarland are distinguishable from the present case.
In McFarland, a home purchaser sued a realty agency and others for recission of sale. The realty agency filed a third party demand against its insurer seeking indemnity based on the terms of an insurance policy. The trial court granted summary judgment in favor of the insurer on the basis that no coverage existed under the policy since notice of the suit was not received during the policy period. Plaintiff subsequently dismissed the realty agency from the main demand. The realty agency then appealed from the summary judgment granted in favor of the insurer on the third party demand. The court of appeal held that although the realty agency was no longer a party in the main demand, it still had a right to appeal the third party demand based on the provisions of La. C.C.P. art. 1039. The fecourt further stated that since the realty agency was not cast in judgment in the main demand, the insurer could not be east in judgment for indemnity.
Unlike the facts in the present case, the realty agency had no legal basis for indemnification against their insurer as there was no coverage under the policy. In the present case, RLI’s insured entered into a lease agreement with Pesses in which Pesses agreed to maintain a policy of liability and property damage insurance during the term of the lease. In addition, Pesses was required to name the lessor as insured under that policy of insurance. The lease agreement provided a legal basis for indemnification. Section 9.4 of the lease agreement provides in pertinent part:
Lessee will indemnify the Lessor and save it harmless from and against any and all claims and actions, damages, liability and expense in connection with loss of life, personal injury and/or damage to property arising from or out of any occurrence in, upon or at the Demise Premises, or the occupancy or use by Lessee of the Demised Premises or any party thereof, or occasioned wholly or in part by any act or *1161 omission of the Lessee, its agents, contractors, employees, servants, lessees or concessionaires. In case Lessor shall, without fault on its part, be made a party to any litigation commenced by or against Lessee, then Lessee shall protect and hold Lessor harmless and shall pay all costs, expenses and reasonable attorney’s fees incurred or paid by Lessor in connection with such litigation. Lessee shall also pay all costs, expenses and reasonable attorney’s fees incurred for paid by Lessor in connection with such litigation.
In connection with this lease agreement, Pesses obtained a policy of liability insurance from American Central which became effective on September 23, 1992. The Declarations page reflects that the named insureds under the policy were David Pesses d/b/a Lake Terrace Sunshine Center. Pesses testified in his deposition that at the time he entered into the contract of insurance, he intended that the lessor be a named insured under the policy in compliance with the lease agreement. However, the lessor was not listed as a named insured, and American Central denied coverage for plaintiffs’ claims on this basis. American Central, however, continued to provide a defense to Pesses.
[/In its third party demand, RLI contended that Pesses breached the lease contract by failing to name the lessor as an insured under the policy of insurance and was bound to indemnify the lessee based on Section 9.4 of the lease agreement. In the prayer of the demand, RLI sought judgment against Pess-es and American Central “for an amount equal to the amount of any judgment rendered against [RLI] in the original demand (if any), plus all attorney’s fees, costs, interest, expert fees, and any other expenses incurred by RELIANCE INSURANCE COMPANY in defending this matter.”
The trial court found that David Pesses breached the terms of the lease agreement by failing to obtain insurance protecting the lessor from liability. Appellants do not appeal from this finding of the trial court.
Although appellants contend that there is no basis for indemnification as RLI was not cast in judgment, we find no merit in this argument. RLI was brought into this litigation with plaintiffs which arose out of the leased premises. The lease agreement required the lessee to obtain insurance to protect the lessor from liability, and the lessee failed to do so. Athough RLI was not cast in judgment following a trial on the merits, RLI entered into a pre-trial settlement with plaintiffs to dispose of the claims raised against it. Pursuant to the clear terms of the lease agreement, Pesses is required to indemnify the lessor for any costs, expenses or attorney’s fees incurred or paid by the lessor in connection with this litigation. There is no requirement that the lessor be “cast in judgment” in order to invoke the indemnification provisions of the lease agreement. The settlement amount paid by RLI during this litigation is clearly a cost or expense incurred as a result of the litigation, and therefore is subject to this indemnification clause to the extent of the fault assessed to its insured by the jury. Further, RLI’s pleading in its third party demand includes any costs or expenses incurred by RLI in defending the litigation. This language is sufficient to include the costs of funding the [¡settlement agreement with the plaintiffs, but only to the extent of the lessor’s percentage of fault as assigned by the jury.
Under the circumstances presented here, we find no error of the trial court in finding that plaintiffs were entitled to recover from Pesses and American Central Lake Terrace Center’s share of fault. This holding is limited to the facts of the present case where the lessor’s insured settled with the plaintiffs for an amount greater than the lessor’s percentage of damages assessed by the jury. We do not address the issue of the effect of such an indemnification clause where the settlement amount was less than the percentage of damages assessed by the factfinder.
Appellants next contend that the trial court erred in finding them liable for RLI’s costs of defense of this litigation. The express terms of the lease agreement between Lake Terrace and Pesses provide that the lessor may recover the costs of defense of litigation arising out of the leased premises. Appellants argue that RLI was not a party to the lease agreement and therefore has no legal basis for recovering its costs of defense. *1162 However, the insurance agreement executed between Lake Terrace, the lessor, and RLI provided that upon payment by RLI based on the policy, all rights of Lake Terrace under the lease agreement were transferred to RLI. Therefore, RLI became subrogated to Lake Terrace’s rights under the lease agreement with Pesses. Appellants’ argument is without merit.
Appellants next argue that RLI can only recover for fifty percent of its defense costs, based on the “other insurance” provision of RLI’s insurance policy. However, this provision is only applicable where there is other insurance available to the insured. In the present case, American Central denied coverage of Lake Terrace’s claim based on its contention that Lake Terrace was not a named insured under the policy. Thus, there was no “other insurance” available to the insured. faWe therefore find no error of the trial court in awarding RLI its costs of defense of this litigation which were stipulated to be $7,500.00.

CONCLUSION

Accordingly, for the reasons assigned herein, the judgment of the trial court in favor of plaintiffs and against defendants, David Pesses and American Central Insurance Company, is affirmed. Appellants are to bear all costs of this appeal.

AFFIRMED.

. Lake Terrace Center, Inc. was not served with this lawsuit and did not make an appearance in this case.

. American Central was improperly referred to in some of the trial court pleadings as Commercial Union Insurance Company.

.The judgment in favor of Mrs. Riley was affirmed on appeal to this Court. See Riley v. Reliance Ins.Co., 97-0445 (La.App. 4 Cir. 11/19/97), 703 So.2d 158, writ denied, 98-0283 (La.3/20/98), 715 So.2d 1220, 1998 WL 290989.