1,MARION F. EDWARDS, Judge.
Appellant, Those Certain Underwriters Subscribing To Policy No. LPK 0762 At Lloyd’s Of London (Lloyds), appeal a judgment of the district court denying its Motion For Summary Judgment and granting a Motion For Summary Judgment in favor of appellee, Scottsdale Insurance Company. We affirm.
The underlying facts are as follows. In February, 1999, Mr. and Mrs. Vincent Ar-nona filed a petition against Bugalee L.L.C. and Lloyd’s, as the insurer of Buga-lee, for injuries resulting from an. accident at Visko’s Restaurant. The Amonas alleged that at the time of the accident, Mr. Arnona was an employee at Visko’s, when an air conditioning duct under repair fell and struck him. The Arnona petition asserted that Visko’s, the operator of the restaurant, was the lessee, and that the lessor, Bugalee, owned the building and was insured by Lloyd’s. Although Scottsdale was not named as a party, in fact, Scottsdale was Bugalee’s commercial general liability insurer. Based on the lease between | ¡¿Bugalee and Visko’s, Lloyd’s policy named both Bugalee, LLC, and Vis-ko’s as its insureds.
It appears that Lloyd’s either failed or refused to defend Bugalee in the Arnona matter, requiring Scottsdale to initially defend Bugalee pursuant to its insurance contract. Scottsdale made demand on Lloyd’s to undertake the defense, and af *807 ter several months, Lloyd’s did so. The Arnona suit was later dismissed. Scottsdale filed the present petition for all defense costs incurred by it on behalf of Bugalee in the Arnona matter. Lloyd’s filed an Answer and Reconventional Demand, seeking contribution for 50% of its defense costs.
Both Scottsdale and Lloyd’s moved for summary judgment. Following a hearing on both motions, the trial court denied Lloyd’s motion and granted Scottsdale’s Motion For Summary Judgment. Lloyd’s has appealed.
In its Reasons For Judgment, the trial court found that based on indemnification language in the lease between Bugalee and Visko’s, Lloyd’s was Bugalee’s primary insurer. The court held that because the duty to defend was not equal, Lloyd’s motion for 50% of costs was without merit. In granting Scottsdale’s Motion For Summary Judgment, the court further determined that although both insurers had a duty to defend, that Lloyd’s failure to defend caused Scottsdale to incur costs in its defense of Bugalee.
Lloyd’s argues on appeal that because each insurer had a duty to defend Bugalee, Scottsdale was solidarily obligated with Lloyd’s to defend Bugalee in the Arnona suit. According to Lloyd’s, under Scottsdale’s policy, it had a duty to defend Buga-lee just as did Lloyd’s.
A reviewing court examines summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary __yudgment is appropriate.[1] A reviewing court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law.[2] LSA-C.C.P. art. 966 provides that the summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of a case, that it is favored, and that it shall be construed to accomplish these ends. It further provides that while the burden of proof remains with the movant, that burden does not require him to negate all elements of the other party’s claim, but rather to point out that there is an absence’ of factual support for one or more elements essential to the other party’s claim. Thereafter, if the other party fails to produce factual support sufficient to establish that he will be able to satisfy his évidentia-ry burden of proof at trial, there is no genuine issue of material fact.[3]
Generally, the insurer’s obligation to defend suits against its insured is broader than its liability for damage claims. The insurer’s duty to defend suits brought against its insureds is determined by the allegations of the plaintiffs petition, and the insurer is obligated to defend the insured, unless the petition unambiguously excludes coverage. The allegations in the petition are to be construed liberally to determine whether they state grounds bringing the claims within the scope of the insurer’s duty to defend. Assuming all the allegations of the petition to be true, if there would be coverage under the policy and also liability to the plaintiff, the insurer must defend the suit, regardless of the outcome of the suit. The duty to defend arises whenever the pleadings against *808 the insured disclose even a possibility of liability under the policy. The duty to defend is determined solely from the plaintiffs pleadings and the face of the policy, -without consideration of extraneous evidence.[4]
| ¡¡The Lloyd’s policy contains an endorsement which reads:
AMENDING NAMED INSURED TO READ AS FOLLOWS:
GIAMNOMA, INC., DBA VISKO’S AND BUGALEE, LLC., ATIMA
The Lloyd’s policy provided as follows:
1. Insuring Agreement
a.We will pay those sums that the insured becomes legally obligated to pay as damages because of “bodily injury” or “property damage” to which this insurance applies. We will have the right and duty to defend the insured against any “suit” seeking those damages.
[[Image here]]
b. This insurance applies to “bodily injury” and “property damage” only if:
(1) The “bodily injury” or “property damage” is caused by an “occurrence” that takes place in the “coverage territory” and
(2) The “bodily injury” or “property damage” occurs during the policy period.
c. Damages because of “bodily injury” include damages claimed by any person or organization for care, loss of services or death resulting at any time from the “bodily injury.”
SECTION II — WHO IS AN INSURED
1. If you are designated in the Declarations as:
[[Image here]]
c. A limited liability company, you are an insured.
The policy was effective from December 15, 1997 through December 15, 1998. The accident described in Arnona’s original petition took place on February 16, 1998, while the policy was in effect. Bugalee LLC was clearly covered under the Lloyd’s policy.
Lloyd’s contends that an exclusionary clause in its contract defeats Scottsdale’s entitlement to reimbursement. That section of the policy provides:
R2. EXCLUSIONS
This insurance does not apply to:
b. Contractual Liability
“Bodily injury” ... for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:
(1) That the insured would have in the absence of the contract or agreement, or;
(2) Assumed in a contract or agreement that is an “insured contract”, provided the “bodily injury”... occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an “insured Contract”, reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of “bodily injury” ..., provided:
(a) Liability to such party for, or for the cost of, that party’s defense has also been assumed in the same “insured contract”; and
*809 (b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.
We do not find the above clause to be dispositive of the case, because it is both ambiguous and on its face, inapplicable. Solely for the purposes of liability assumed in an “insured contract”, .attorney fees and .litigation expenses incurred by a party other than an insured are included as damages. Lloyd’s was obligated to defend Bugalee not merely by virtue of the lease, but because Bugalee was a named insured.
Lloyd’s contends that it and Scottsdale were solidary obligors, each owing a defense to Bugalee. Thus, Lloyd’s avers that it has the right to seek contribution from Scottsdale for the expenses it incurred.
In the lease between Bugalee and Vis-ko’s, paragraph 10 requires Visko’s to provide, at its own expense and in favor of Bugalee as an insured, liability insurance of at least $1,000,000.00 covering bodily injury or death as the result of 17any single occurrence. In compliance with this term of the lease, Visko’s obtained insurance with Lloyd’s and Bugalee was added as a named insured. The lease also provided that the lessee accepted the premises, (including the heating and air-conditioning equipment) in their present condition, including any vices or defects, latent or otherwise, that existed or arose. Visko’s also agreed that it would be liable for all necessary repairs. The lease agreement contained the following clause (in pertinent part):
12.

HOLD HARMLESS AND INDEMNIFICATION

Lessee assumes responsibility for the condition of the Leased Premises and agree [sic] to hold Lessor harmless from any and all liability for injury to person or damage to property or other losses or damages caused- by or resulting from any accident or other occurrence in, on or about the Leased Premises. Lessee agrees to indemnify, protect, save and keep harmless Lessor, his agents, successors and assigns from and against all losses, damages, injures, claims, demands and expenses, including legal expenses, of whatsoever nature, (a) arising out of the use, condition (including, but not limited to, latent and other defects and whether or not discoverable by it), or operation during the term of this Lease, of any item of Equipment by whomsoever used or operated ...
Under Lloyd’s policy, that insurance is primary unless the following is applicable:
This insurance is excess over any of the other [valid and collectible] insurance, whether primary, excess, contingent or on any other basis:
(1) That is Fire, Extended Coverage, Builder’s Risk, Installation Risk or similar coverage for your work.
(2) That is Fire insurance for premises rented to you or temporarily occupied by you with permission of the owner;
[[Image here]]
The above exceptions do not apply and thus Lloyd’s is not an excess insurer. We find no error in .the determination by the trial court that Lloyd’s was the primary insurer. Lloyd’s, not Scottsdale, was named a defendant in the underlying suit along with Bugalee, yet apparently Lloyd’s did not undertake a defense until |Rsome months had passed. Under its insurance contract, Lloyd’s was obliged to defend Bugalee, and in lieu of that, under the lease contract, to indemnify Bugalee for *810 legal expenses arising out of the use and condition of the building during the term of the lease. The lease contract evidences that Lloyd’s and Scottsdale were not soli-dary obligors.
Relative to Scottsdale’s right to reimbursement, the Scottsdale policy provided for a “Transfer of Rights”:
If the insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us.
This provision subrogates the right of Bugalee to Scottsdale to recover from Lloyd’s the amounts due for defense of the suit.[5]
Accordingly, the judgment on appeal is affirmed. All costs are assessed to Lloyd’s.
AFFIRMED

. Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 750; Robinson v. Heard, 01-C-1697 La. 2/26/02, (La.2002), 809 So.2d 943

. Id.

. Pulling ex rel. Pulling v. Desmare, 00-1869 (La.App. 5th Cir.5/30/01), 788 So.2d 706.

. Houghtaling v. Richardson, 01-208 (La.App. 5th Cir.10/17/01), 800 So.2d 1012.

. See, e.g., Riley v. Reliance Ins. Co., 98-0917 (La.App. 4th Cir.12/2/98), 722 So.2d 1158.