PER CURIAM.
In their application for rehearing, respondents contend that we erred in four particulars in rendering our opinion:
“1. The Court erred in holding that evidence of petitioners’ prior service as councilmen of the Town of New Roads for the term preceding the election of January 3, 1949, was inadmissible under the pleadings and that the Court could not consider the findings of fact of the Supreme Court on that point;
“2. The Court erred in holding that the finding of the Supreme Court that petitioners were councilmen of the Town of New Roads at the.time of and prior to the election of January 3, 1949, was obiter dictum.
*271 "3. The Court erred in holding that petitioners were not entitled to avail themselves of the holdover provisions of Section 6 of Article 19 of the Constitution and, therefore, had no right to attack the election of June 14, 1949.
“4. The Court erred in holding that petitioners are usurpers and ordering them to deliver their offices to the appellees and ordering them to pay the costs in both courts.”
In answer to respondents’ assignment of errors, we have again given due consideration of the case, with their arguments, both oral, in briefs and in their application for rehearing in mind. We do not see wherein we erred.
In further argument to sustain our opinion, we state that we have thoroughly searched the record to ascertain whether respondents had ever claimed to have been hold-overs before the lower court and fail to find a scintilla of evidence or pleading to justify our coming to any other conclusion but what is expressed in our opinion. It is certainly not contained in their answer. We have carefully read the opinion of the trial judge and nowhere in that opinion is mention made by him that respondents were so contending. It is now well established that the appellate courts will not pass upon any contention not made in the pleadings nor passed upon by the trial court. In so far as we are concerned, and the record does not disclose otherwise, the contention of respondents that they are hold-overs is an after-thought and raised for the first time, either in the Supreme Court or in this court. It is strange indeed that respondents did not favor us with a copy of their brief filed in the Supreme 'Court.
We state again that as we view this case, as made up in accordance with the pleadings and as tried before the trial judge, it was absolutely unnecessary for the Supreme Court to pass upon the merits of the case in refusing jurisdiction of the case. We do not feel bound by the Supreme Court’s decision save to accept the jurisdiction of the case.
Rehearing refused.