243 So.2d 307 (1971)
Joseph PECORARO
v.
Michael J. GALVIN, Jr., Timothy J. Galvin, and Stonewall Insurance Company.
No. 4226.
Court of Appeal of Louisiana, Fourth Circuit.
January 11, 1971.
Frank J. D'Amico, New Orleans, for Joseph Pecoraro, plaintiff-appellee.
Beard, Blue, Schmitt & Treen, Robert M. Johnston, New Orleans, for Michael J. Galvin, Sr., defendant-appellant.
Loeb, Dillon & Livaudais, Marcel Livaudais, Jr., New Orleans, for Stonewall Insurance Co., defendant-appellant.
Before REGAN, BARNETTE and Le SUEUR, JJ.
Le SUEUR, Judge.
The plaintiff in this action secured a judgment in the amount of $2,625.23 in the Civil District Court for the Parish of Orleans against Michael J. Galvin, Sr., the father of Timothy Galvin who struck plaintiff with a car while plaintiff was attempting to cross Canal Boulevard on foot. A suit against Michael, Jr., owner of the vehicle, was dismissed. Dual judgments were rendered against Stonewall Insurance Company, which had denied coverage, for $2,625.23 in favor of plaintiff, and for a like amount and some $700.00 as attorney's fees and costs in favor of Michael J. Galvin, Sr., whom Stonewall had denied a defense. Both Michael, Sr., and Stonewall have appealed.
Neither liability nor quantum require extensive discussion. The question *308 of liability for example depended upon a series of credibility determinations concerning whether a traffic light was green or red, whether or not a horn was timely sounded, and the relative positions of vehicle and pedestrian. Similarly, the assessment of damages was squarely dependent upon the credibility evaluation placed by the trial judge upon the plaintiff's complaints of pain and distress. We must, under these circumstances, respect the trial court's greater proximity to the demeanor, conduct and persuasiveness of opposed witnesses.
The remaining question lies in whether the trial judge was correct in determining that Stonewall owed Michael Galvin, Sr., both coverage and a defense. Stonewall, in denying coverage, relies upon a "Students' Restrictive Endorsement" which, reduced to its simplest terms, excludes as a named insured, any student enrolled as such, other than Michael, Jr., and asserts further that Timothy was a student within the meaning of the policy at the time of the accident.
The problem with Stonewall's position lies in the fact that Timothy is not the insured in question. It was Michael, Sr., his father, who was forced to face the suit and who was ultimately cast in judgment. The Stonewall policy in question plainly includes as a named insured, any resident of the same household as Michael, Jr. Michael, Sr., was a resident of that household and the policy contains no exclusion concerning the vicarious liability of a parent for a minor son. Considering the public policy of the State of Louisiana concerning liability insurance and the family insurance policy in particular, we are constrained to hold that Michael J. Galvin, Sr., was entitled to both coverage and a defense. (See LSA-R.S. 22:655 and 21 La.L.Rev. 835.)
These same principles require that Michael, Sr., be compensated for attorney's fees necessitated in presenting his own defense in this appeal. An additional $150.00 will be allowed in compensation for this loss.
For these reasons the judgment appealed is modified so as to provide an additional $150.00 in attorney's fees in favor of Michael Galvin, Sr. In all other respects, the judgment of the lower court is affirmed. All costs of this appeal are to be borne by Stonewall.
Modified; and as modified, affirmed.