294 So.2d 910 (1974)
Allen Michael HENNIGAN, Plaintiff-Appellee,
v.
Elaine SAVELLE et al., Defendants-Appellees-Appellants.
No. 12298.
Court of Appeal of Louisiana, Second Circuit.
April 23, 1974.
Rehearing Denied May 28, 1974.
Gist, Methvin & Trimble by DeWitt T. Methvin, Jr., Alexandria, for Elaine Savelle, individually and as the mother of the minor, William F. Gibson, defendant-appellee, and State Farm Mut. Auto, Ins. Co., defendant-appellant.
Miller and De Laune by Donald R. Miller, Shreveport, for plaintiff-appellee.
Cook, Clark, Egan, Yancey & King by Herschel E. Richard, Jr., Shreveport, for The Aetna Cas. and Sur. Co., defendant-appellee.
Before AYRES, BOLIN and PRICE, JJ.
En Banc. Rehearing Denied May 28, 1974.
AYRES, Judge.
Allen Michael Hennigan was an occupant of a 1970 Ford driven by William F. Gibson, Jr., and owned by Billy J. Long. This automobile collided with a 1972 Oldsmobile owned and operated by Kenneth Lusk. Plaintiff, Hennigan, sued Long and his insurer, The Aetna Casualty and Surety Company; Elaine Savelle, individually and as the mother of the minor, William F. Gibson, Jr.; and her insurer, State Farm Mutual Automobile Insurance Company.
The present appeal by State Farm Mutual Automobile Insurance Company is from the granting of a summary judgment by the district court in favor of Aetna, the insurer of the Long automobile.
*911 Aetna's motion for a summary judgment was based on the "Student Risk" endorsement of the policy. This endorsement reads as follows:
"It is agreed that such insurance as is afforded by the policy does not apply:
"1. Under Part 1 to any person as an insured who is enrolled as a student at any school, college, or other educational or vocational institution, except the named insured or a member of his or her family.
"2. Under Part 2 while any person excluded in paragraph 1 above is operating or in control of the automobile, except with respect to bodily injury to or death of the named insured or a member of his or her family."
Aetna filed an affidavit to the effect that the driver, William F. Gibson, Jr., was enrolled as a student at Fair Park High School on the date of the accident.
It is made to appear from the petition that plaintiff was a guest passenger in the Ford owned by Long, and that William Gibson was the driver of the automobile at the time of the accident.
Plaintiff argues, on appeal, that Pecoraro v. Galvin, 243 So.2d 307 (La.App., 4th Cir., 1971), should be applied in the instant case. We find the case distinguishable. In Pecoraro, the driver of the automobile was a minor, Timothy Galvin. The owner and insured was his brother, Michael J. Galvin, Jr. The suit was filed against their father, Michael J. Galvin, Sr., on the grounds of his vicarious liability for the torts of his minor child. The policy had a student exclusionary clause in it, and Timothy Galvin, the driver, was a student. However, Michael Gavin, Sr., was covered under the policy as an insured, being a resident of the same household as his son Michael Galvin, Jr., and, as such, was properly made a defendant. Thus, the insurance company was obligated to protect and defend Galvin, Sr.
In the instant case, the mother (Mrs. Savelle) of the driver was sued under the owner's liability policy, as well as her own policy. However, we are here concerned only with the automobile owner's policy with Aetna. Mrs. Savelle's son, William F. Gibson, was a student, and he was excluded under a similar student restrictive endorsement, but there was another clause in Aetna's contract which excluded, also, Mrs. Savelle. Note the following language from that policy:
"The following are Insureds under the Liability Coverage:
"(a) with respect to the owned automobile,

"(1) the named Insured and any resident of the same household,
"(2) any other person using such automobile with the permission of the named Insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, and
"(3) any other person or organization but only with respect to his or its liability because of acts or omissions of an Insured under (a)(1) or (2) above; * * *"
Mrs. Savelle comes within the purview of the third subparagraph of this section if her son, William Gibson, comes within the protection of the second subparagraph. However, he is excluded from that subparagraph by the student risk endorsement. Stated differently, Mrs. Savelle's status as an insured under Long's policy is dependent upon her son's status as an insured under subparagraph (2) of the *912 policy provisions, quoted above, relative to the question as to what persons constitute the insureds. Had William Gibson not been a student, Mrs. Savelle would have been an insured under Long's policy, inasmuch as Gibson was operating the automobile within the scope of permission granted by the named insured. Inasmuch as Gibson, a student, is not covered by the policy, his mother is likewise not covered by the policy under the alleged facts of this case.
Appellant further contends, however, that the motion for a summary judgment should not have been granted because there is a material issue of fact concerning the validity of the student risk endorsement. Cited are LSA-R.S. 22:620 and 22:623 for the proposition that the Commissioner of Insurance must approve this type of endorsement prior to its placement in a policy, which was allegedly not done in this case. Since this issue was not raised in either the pleadings or the motion for a summary judgment, nor in the counteraffidavits, appellant is precluded from raising the issue on appeal. See: LSA-C. C.P. Art. 967; State ex rel. Langlois v. Lancaster, 53 So.2d 270 (La.App., 1st Cir., 1951). It may be noted, however, that, even if the issue had been raised at the trial level, it is settled that such a clause does not require prior approval by the Commissioner of Insurance. The only limitations on insurers are that exclusionary clauses must not be against public policy or morals, and they cannot contravene a statutory provision. See: Phillips v. New Amsterdam Casualty Co., 193 La. 314, 190 So. 565 (1939); Guy v. Egano, 236 So.2d 542 (La.App., 4th Cir., 1970).
For the reasons assigned, the judgment appealed is affirmed.
Appellant, State Farm Mutual Automobiles Insurance Company, is assessed with the cost of this appeal.
Affirmed.