295 So.2d 238 (1974)
Kenneth LUSK, Plaintiff-Appellant,
v.
AETNA CASUALTY AND SURETY COMPANY, Defendant-Appellee, and
State Farm Mutual Automobile Insurance Company, Defendant-Appellant.
No. 4506.
Court of Appeal of Louisiana, Third Circuit.
May 24, 1974.
Gist, Methvin & Trimble by DeWitt T. Methvin, Jr., Alexandria, for defendant-appellant.
Brown & Wicker by William D. Brown, Monroe, for plaintiff-appellant.
*239 Gold, Hall, Hammill & Little by John F. Simon and James D. Davis, Alexandria, for defendant-appellee.
Before HOOD, CULPEPPER and DOMENGEAUX, JJ.
DOMENGEAUX, Judge.
Plaintiff-appellant, Kenneth Lusk, and defendant-appellant, State Farm Mutual Automobile Insurance Company, appeal the judgment of the district court granting summary judgment in favor of defendant-appellee, Aetna Casualty & Surety Company.
Lusk filed this damage suit for injuries allegedly received in an automobile accident which occurred on September 29, 1972, on Louisiana Highway 1 in Rapides Parish, Louisiana. The pleadings indicate that Lusk was driving his Oldsmobile in a northerly direction when he was involved in the accident with a Ford automobile owned by Billy J. Long and then being driven by William F. Gibson, Jr., a minor, in a southerly direction. Made defendants were Billy J. Long and his liability insurer, Aetna, William F. Gibson, Jr., and State Farm. State Farm is the liability insurer of Gibson, Jr.'s mother, Mrs. Elaine Savell.
By supplemental petition plaintiff brought in as an additional party defendant, Mrs. Elaine Savell, individually and as natural tutrix.
Gibson, Jr. is not named as an insured in Aetna's policy to Long, nor is he a member of Long's family or household.
Summary judgment in favor of Aetna was granted on the basis that its policy covering Long's Ford automobile contained a "Student Risk" endorsement and thereby excluded coverage to the driver Gibson, Jr. who was an enrolled student at Fair Park High School in Shreveport, Louisiana. These facts are not in dispute and are supported by affidavits filed by Aetna.
Appellants, Lusk and State Farm, specify that the trial judge erred in holding that the student risk endorsement in Aetna's policy was applicable to Mrs. Elaine Savell, mother of Gibson, Jr. who is vicariously responsible for her minor son's torts. State Farm additionally advances as error the granting of summary judgment in the absence of any showing that the Louisiana Commissioner of Insurance had approved the restrictive endorsement to Aetna's policy.
The present suit was one of four different suits arising out of the aforementioned accident of September 29, 1972. One such suit entitled Allen Michael Hennigan[1] v. Elaine Savell, et al. was filed in the First Judicial District Court for the Parish of Caddo, Louisiana, and was against the same defendants as in the present suit before us. As in our case, Aetna filed a motion for summary judgment. The district court therein granted summary judgment, which was appealed to the Louisiana Second Circuit Court of Appeal. The Hennigan case was decided by the Second Circuit on April 23, 1974; the district court judgment was affirmed. It is as yet unreported, but we have been favored with a copy of that decision. Hennigan v. Savell, et al., La.App., 294 So.2d 910.
We find ourselves in agreement with our brothers of the Second Circuit. In that the Hennigan case is dispositive of the same restricted issues as are in the present case, under the same circumstances and with the same defendants, we adopt its reasonings as our own, and quote it in pertinent part as follows:
". . .
Aetna's motion for a summary judgment was based on the `Student Risk' endorsement *240 of the policy. This endorsement reads as follows:
`It is agreed that such insurance as is afforded by the policy does not apply:
`1. Under Part 1 to any person as an insured who is enrolled as a student at any school, college, or other educational or vocational institution, except the named insured or a member of his or her family.
'2. Under Part 2 while any person excluded in paragraph 1 above is operating or in control of the automobile, except with respect to bodily injury to or death of the named insured or a member of his or her family.'
Aetna filed an affidavit to the effect that the driver, William F. Gibson, Jr., was enrolled as a student at Fair Park High School on the date of the accident.
It is made to appear from the petition that plaintiff was a guest passenger in the Ford owned by Long, and that William Gibson was the driver of the automobile at the time of the accident.
Plaintiff argues, on appeal, that Pecoraro v. Galvin, 243 So.2d 307 (La. App., 4th Cir., 1971), should be applied in the instant case. We find the case distinguishable. In Pecoraro, the driver of the automobile was a minor, Timothy Galvin. The owner and insured was his brother, Michael J. Galvin, Jr. The suit was filed against their father, Michael J. Galvin, Sr., on the grounds of his vicarious liability for the torts of his minor child. The policy had a student exclusionary clause in it, and Timothy Galvin, the driver, was a student. However, Michael Galvin, Sr., was covered under the policy as an insured, being a resident of the same household as his son Michael Galvin, Jr., and, as such, was properly made a defendant. Thus, the insurance company was obligated to protect and defend Galvin, Sr.
In the instant case, the mother (Mrs. Savelle) of the driver was sued under the owner's liability policy, as well as her own policy. However, we are here concerned only with the automobile owner's policy with Aetna. Mrs. Savelle's son, William F. Gibson, was a student, and he was excluded under a similar student restrictive endorsement, but there was another clause in Aetna's contract which excluded, also, Mrs. Savelle. Note the following language from that policy:
`The following are Insureds under the Liability Coverage:
`(a) with respect to the owned automobile,

`(1) the named Insured and any resident of the same household,
`(2) any other person using such automobile with the permission of the named Insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, and
`(3) any other person or organization but only with respect to his or its liability because of acts or omissions of an Insured under (a)(1) or (2) above; * * *'
Mrs. Savelle comes within the purview of the third subparagraph of this section if her son, William Gibson, comes within the protection of the second subparagraph. However, he is excluded from that subparagraph by the student risk endorsement. Stated differently, Mrs. Savelle's status as an insured under Long's policy is dependent upon her son's status as an insured under subparagraph (2) of the policy provisions, quoted above, relative to the question as to what persons constitute the insureds. Had William Gibson not been a student, Mrs. Savelle would have been an insured *241 under Long's policy, inasmuch as Gibson was operating the automobile within the scope of the permission granted by the named insured. Inasmuch as Gibson, a student, is not covered by the policy, his mother is likewise not covered by the policy under the alleged facts of this case.
Appellant further contends, however, that the motion for a summary judgment should not have been granted because there is a material issue of fact concerning the validity of the student risk endorsement. Cited are LSA-R.S. 22:620 and 22-623 for the proposition that the Commissioner of Insurance must approve this type of endorsement prior to its placement in a policy, which was allegedly not done in this case. Since this issue was not raised in either the pleadings or the motion for a summary judgment, nor in the counteraffidavits, appellant is precluded from raising the issue on appeal. See:
LSA-C.C.P. Art. 967; State ex rel. Langlois v. Lancaster, 53 So.2d 270 (La. App., 1st Cir., 1951).
It may be noted, however, that, even if the issue had been raised at the trial level, it is settled that such a clause does not require prior approval by the Commissioner of Insurance. The only limitations on insurers are that exclusionary clauses must not be against public policy or morals, and they cannot contravene a statutory provision. See: Phillips v. New Amsterdam Casualty Co., 193 La. 314, 190 So. 565 (1939); Guy v. Egano, 236 So.2d 542 (La.App., 4th Cir., 1970).
For the reasons assigned, the judgment appealed is affirmed.
. . . . ."
For the above and foregoing reasons, the judgment appealed is affirmed. Costs of this appeal are assessed against Lusk and State Farm.
Affirmed.
NOTES
[1] Hennigan was allegedly a passenger in the Billy J. Long Ford which was being driven by William F. Gibson, Jr.