JiJONES, Judge.
Plaintiff, Deborah Nixon, appeals the judgment of the trial court granting defendant, New Orleans Private Patrol, Inc.’s (NOPP) Motion for Summary Judgment and dismissing all claims against them. In its reasons for judgment the trial court wrote that NOPP “was only doing what it was directed to do by K & B.” We affirm the trial court’s judgment.
On October 31, 1990, plaintiff was using a public telephone attached to a common wall shared between K & B and the National/Canal Villere Supermarket. This common wall is directly on the sidewalk and fronts on to South Claiborne Avenue where it intersects with South Carrollton Avenue. Ms. Nixon had just made some purchases at K & B and was calling for her boyfriend to take her home when she was allegedly assaulted by a third-party criminal defendant.
On October 31, 1991, plaintiff brought suit against K & B and its insurers, the third-party criminal defendant and NOPP for damages she sustained as a result of the assault. Both K & B and NOPP moved for summary judgment |2arguing that they owed no duty to protect the plaintiff from third-party criminal defendants. NOPP’s motion was granted and plaintiffs right to proceed against remaining defendants was reserved.
By her first assignment of error, plaintiff relies on Harris v. Pizza Hut of Louisiana, Inc., 455 So.2d 1364 (La.1984) in arguing that when a duty to protect others, such as the plaintiff/customer, from dangers of criminal misconduct has been assumed, liability against the shopkeeper may be created by a negligent breach of that duty. Harris is clearly distinguishable from the instant case. There is no evidence that there was a breach of security under the facts of this case. In fact the deposition of Meldon Johnson of NOPP is clear that he was at his post at the time plaintiff was allegedly assaulted. Consistent with his duties he had patrolled the parking lot a few minutes before.
Plaintiff also argues that NOPP had an independent duty of care as a professional private contract security guard company with the imputed expertise and professional knowledge of the proper methods of providing security to business invitees and therefore should have advised K & B as to the correct and most efficient methods to dissuade attacks on business invitees.
NOPP argues that no duty was owed to this plaintiff where the incident complained of took place off of the premises it was contracted to patrol. Furthermore, it argues that there is no duty to assume security measures to guard specific places on the premises. NOPP cites Mundy v. Department of Health and Human Resources, 609 So.2d 909 (La.App. 4th Cir.1992), aff'd, 620 So.2d 811 (La.1993) in which this circuit held that the hospital had no legal duty to employ guards at a specific elevator of the hospital, even though security measures were in place *1089 throughout the hospital in general. Id. at 915. Also it cites, Sutter v. Audubon Park Commission, 533 So.2d 1226 (La.App. 4th Cir.1988) writ denied 538 So.2d 597 (1989) in which this circuit held that a park had no duty to protect one specific shelter, even though security measures existed to cover the whole park. Id. at 1234. See: Suzanne Ciaccio, Business Owners’ Duty to Protect Patrons from the Criminal Acts of Third Parties in Louisiana, 53 La.Law Review 1847, 1863 (1993). Furthermore, NOPP argues that an ordinary business is required to act on its patron’s behalf only when confronted with a specifically foreseeable risk of criminal attack. In Banks v. Hyatt, 722 F.2d 214, 220 (5th Cir.1984) the court stated:
Only when the owner or management of a business had knowledge, or can be imputed with knowledge, of a third person’s intended criminal conduct which is about to occur, and which is within the power of the owner or management to protect against, does such a duty towards a guest arise.
In its reasons for judgment the trial court clarified that NOPP’s Motion for Summary Judgment was being granted because it acted under the specific orders of K & B. According to Meldon Johnson a security manual and film were used by K & B outlining its security policy and duties for all security personnel. Additionally there was a training period before a security person assumed a post. Based on this evidence the trial court could have concluded that a re-spondeat superior relationship existed and K & B would have been liable if there was a breach of any duty owed to plaintiff.
Additionally, plaintiff argues that genuine issues of material fact exist as to whether a contractual indemnification agreement existed between K & B and NOPP. Defendant argues that plaintiff failed to raise this issue in the trial court, did no discovery on this issue and is precluded from raising it now for the first time on appeal. An issue not raised in pleadings or in a motion for summary judgment in the Court below cannot be raised for the first time on appeal. Uniform Rules, Courts of Appeal, Rule 1-3, Poirier v. National Union Fire Insurance Company, 517 So.2d 225 (La.App. 1st Cir.1987); Lusk v. Aetna Casualty & Surety Company, 295 So.2d 238 (La.App. 3d Cir.1974).
For the foregoing reasons, the trial court’s judgment is affirmed.

AFFIRMED.