I,Chief Judge WILLIAM H. BYRNES, III.
Plaintiff, Kimberly Rebouche, appeals a judgment dismissing her suit against her former employer, defendant, Robert G. Harvey, Sr. The trial court rejected her claim for vacation pay. We affirm.
Ms. Rebouche worked for Mr. Harvey from 1989 until she left work on April 9, 1993, after she gave her written resignation on March 30, 1993. After she left, Ms. Rebouche made a demand for payment of vacation pay. Mr. Harvey refused to pay, and she filed suit in June 1993.
*334 Mr. Harvey filed a reeonventional demand against Ms. Rebouche, averring that her suit was frivolous. Ms. Rebouche countered that the reeonventional demand was improperly filed as it was based on a claim for malicious prosecution. Mr. Harvey reported it to the Louisiana State Bar Association. The State took no action, and the trial court dismissed Mr. Harvey’s re-conventional demand and later Mr. Harvey’s motion for summary judgment.
| gAfter a trial on April 10-11, 2000, the trial court granted Mr. Harvey’s motion for directed verdict and involuntary dismissal because Ms. Rebouche failed to meet her burden of proof. Ms. Rebouche’s appeal followed.
On appeal, Ms. Rebouche contends that the trial court erred in: (1) finding that the plaintiff did not meet her burden of proof; (2) that the plaintiffs paycheck exceeded her normal paycheck by 50 percent rather than 26 percent; (8) failing to award penalty wages; (4) failing to find that the vacation pay was based on the calendar year; and (5) failing to admit into evidence Mr. Harvey’s letter to the Louisiana State Bar Association.

Standard of Review

Great deference is accorded to the trial court’s factual findings, both express and implicit, and reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on appellate review of the trial court’s judgment. Virgil v. American Guarantee and Liability Ins. Co., 507 So.2d 825 (La.1987); Canter v. Koehring Co., 283 So.2d 716, 724 (La.1973). The trier of fact is vested with assessing the witnesses’ credibility. Virgil, supra. Where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review. Id. The burden on the appellate court is twofold: it can only reverse a lower court’s factual findings when (1) the record reflects that a reasonable factual basis does not exist for the finding of the trial court and (2) the record establishes that the finding is clearly wrong. Russell v. Noullet (La.12/1/98) 721 So.2d 868, 872.
1 ^Although deference is accorded to the fact finder, the reviewing court has a constitutional duty to review facts, not merely to decide whether the reviewing court would have found the facts differently, but to determine whether the trial court’s verdict was manifestly erroneous, clearly wrong based on the evidence, or clearly without evidentiary support. Ambrose v. New Orleans Police Dept. Ambulance Service, 93-3099 (La.7/5/94), 639 So.2d 216, 221. Where there are two permissible views of evidence, the fact finder’s choice between them cannot be manifestly erroneous. Rosell v. ESCO, 549 So.2d 840 (La.1989).

Burden of Proof

The burden of proof in an action for breach of contract is on the party claiming rights under the contract. Vignette Publications, Inc. v. Harborview Enterprises, Inc., 2000-1711 (La.App. 4 Cir. 9/12/01), 799 So.2d 531, 2001 WL 1243664; Phillips v. Insilco Sports Network, Inc., 429 So.2d 447, 449 (La.App. 4 Cir.1983). The existence of the contract and its terms must be proved by a preponderance of the evidence. Bond v. Allemand, 632 So.2d 326 (La.App. 1 Cir.1993). A contract is formed by the consent of the parties established through an offer and acceptance; the offer and acceptance may be verbal unless the law prescribes the requirement of writing. State v. Louis, 94-0761 (La.11/30/94), 645 So.2d 1144.
In the present case, Ms. Rebouche contends that she provided a prima facia case that she only took one week’s vacation *335 pay in 1992 and took no other vacation until she left in 1993. She took vacation for one week when her daughter was sick. Ms. Rebouche maintains that Mr. Harvey admitted that her weekly rate of gross pay was $500, with a daily rate of $100. He also agreed that she was a multiple year employee who was entitled to two weeks vacation a year. Mr. Harvey agreed |4that a person was vested with vacation benefits based on the prior year’s service. Mr. Harvey had no personal recollection and no records of when Ms. Rebouche took her vacation.
Ms.Rebouche claims that she established all the elements of her claim under La. R.S. 23:631. Ms. Rebouche submits that Section 5.2(3) of the employment manual provides: “When an employee ... terminates his employment, ... the employee will be paid for all unused vacation accumulated during the previous Calendar year....” Ms. Rebouche contends that the calendar year means from January to January. However, Mr. Harvey states that Ms. Rebouche’s employment year was May 14,1992 through May 14,1993, and her full second week of vacation had not vested by March 30,1993.
Mr. Harvey argues that the trial court properly found that Ms. Rebouche did not meet her burden of proof because Ms. Rebouche could not tell the trial court how many days of vacation wages she was claiming. She asked for five days vacation pay while testifying at trial; however, in her deposition, Ms. Rebouche stated that she felt that her claim is for ten days of unused vacation pay from 1992-1993. Mr. Harvey asserts that the plaintiff took over two weeks (ten working days) of vacation for three events: (1) her houseboat swamp tour; (2) the hospitalization of her father or other relative for heart trouble or heart attack; and (3) her daughter’s tonsillectomy.
Mr. Harvey also notes that Section 5.2(3) of the employment manual states that: “If an employee voluntarily terminates without notice or is involuntarily terminated for just cause, the employee forfeits his vacation pay.” Mr. Harvey alleges that Ms. Rebouche did not return to work for a full two weeks (ten working Isdays) after she gave notice. Mr. Harvey asserts that he was justified in not giving Ms. Rebouche the vacation pay pursuant to the employment manual.
The record contains a copy of Ms. Re-bouche’s resignation letter dated March 30,1993, in which Ms. Rebouche stated: “I will of course offer you a(2) weeks notice for training my successor.” She worked until April 9,1993.
At the appellate hearing, counsel for Ms. Rebouche explained that there was no conflict concerning the amount of hours owed. She always claimed one week’s vacation pay for 1992. She resigned in 1993. Her first attorney made the legal argument that she was entitled to two weeks in 1993 based on the calendar year as set out in the employment Policy and Procedure Manual. Ms. Rebouche asserts that under either legal theory using the calendar year or not, she only took one week of vacation in 1992.
Mr. Harvey’s attorney argued that these arguments were not asserted at trial. When Ms. Rebouche made her demand and fled her petition, she did not say how many vacation days she was owed. On the second day of trial, Ms. Rebouche did not appear in court. Mr. Harvey maintains that he did not put on his defense because the trial court granted his motion for involuntary dismissal.
Ms. Rebouche and Mr. Harvey provided conflicting testimony as to whether or not Ms. Rebouche was paid for vacation time. The parties both declared opposing views *336 as to what they remembered. Although the employment manual stated that vacation time was calculated according to the calendar year, Mr. Harvey emphasized that the office went by the employees’ anniversary dates to determine when they were entitled to vacation pay. Mr. Harvey pointed out that the manual stated that an employee must give two-week’s notice before leaving or forfeit [¿vacation time; however, Ms. Rebouche did not work for two full weeks (ten working days) after she submitted her resignation letter.
Although Ms. Rebouche claimed that the March 31, 1992 check for $1,626 was for overtime and not for vacation time, she only remembered working an extra 40 hours in one two-week pay period and that was for a trial in St. Tammany. She stated that: “And I would say April, April was the month definitely and like I say, it was '95.” She definitely remembered that the month was in April but she previously stated that: “it was either '91 or '92.” She continued: “I believe it was April. I know it was in the Spring.” The $1,626 check was dated March 31, 1992 rather than April. Mr. Harvey counters that this check included Ms. Rebouche’s vacation pay. Ms. Rebouche’s recollection was indefinite as to when she worked 40 hours overtime, and her testimony by itself is insufficient to support her claim that the March 21, 1992 check included overtime rather than vacation pay.
Where the facts are disputed, the manifest error standard applies. Ms. Rebouche had the burden of proof but she did not provide adequate evidence to establish that she was entitled to additional vacation pay. A reasonable factual basis exists for the finding of the trial court. Considering the conflicting testimony, the trial court was not clearly wrong in finding that the plaintiff did not carry her burden of proof by a preponderance of the evidence. This finding precludes a review of Ms. Rebouche s other claims, including the contention that she is entitled to penalty wages under La. R.S. 23:632.
Accordingly, the judgment of the trial court is affirmed.

AFFIRMED.