815 So.2d 335 (2002)
TERRY F. DAY, INC.
v.
Sam B. MOORE, Jr., et al.
No. 2001-CA-1447.
Court of Appeal of Louisiana, Fourth Circuit.
March 27, 2002.
*336 Arcenious F. Armond, Jr., Gretna, LA, for Plaintiff/Appellant.
Nelson W. Wagar, III, Chopin, Wager, Cole, Richard, Reboul & Kutcher, LLP, Metairie, LA, for Defendant/Appellee.
Court composed of Judge STEVEN R. PLOTKIN, Judge MIRIAM G. WALTZER, and Judge TERRI F. LOVE.
MIRIAM G. WALTZER, Judge.
Terry Day, Inc. appeals a summary judgment granted to Spahr Distributors and its members dismissing all claims.

*337 STATEMENT OF FACTS AND HISTORY OF THE CASE
On 14 January 1981[1], Terry Day, Inc. and Spahr Distributors entered into a lease of certain real property to be used for operation of a business, a gas station and convenience store. The term of the lease began on 14 January 1982 and ended on 13 January 1985. On 7 April 1982, the parties further agreed to the loan of certain equipment and the sale, by consignment, of fuel. Day subleased the real property from Spahr, borrowed certain equipment from Spahr and agreed to buy fuel from Spahr. Specifically, Spahr agreed to deliver and Day agreed to buy on consignment "not less than 8000 gallons at one time of: Amoco Premium Gasoline, Amoco Unleaded Gasoline*, American Regular Gasoline *when one tank and pump can be installed per mutual agreement." Moreover, Day agreed to furnish a $25,000 bond to Spahr. Day never provided the bond, Spahr did not deliver certain equipment and eventually refused to deliver fuel to Day. In 1985, Day closed the business.
Day filed two suits against Spahr. In May 1985, Day sued Spahr in Plaquemines parish, seeking damages and injunctive relief. Day alleged that Spahr fraudulently induced him to enter the lease and other agreements, that Spahr failed to properly maintain the equipment, that Spahr failed to timely deliver fuel, that Spahr overcharged Day for rent, taxes, fuel, and credit card fees, that Spahr sold him inferior fuel, and that Spahr failed to furnish certain building renovations and maintenance.[2] In December 1990, he filed a suit in Orleans Parish. This petition against Spahr alleged that Spahr breached the equipment loan agreement and the agreement to supply fuel. Day made numerous allegations in his Petition for Damages, including: (1) Spahr agreed to furnish four dual dispensing pumps but only furnished two, (2)Spahr agreed to furnish unleaded gas but failed to do so, (3) Spahr furnished defective equipment, (4) Spahr failed to furnish the amount of fuel agreed upon by the parties, (5) Spahr furnished inferior fuel to Day, (6) Spahr solicited business from Day's customer, and (7) Spahr harassed Day with excessive invoices for fuel.
The second suit was transferred from Orleans parish to Plaquemines parish. The Spahr defendants did not file an answer. The trial court entered a default judgment and eventually confirmed the default judgment on 16 September 1997. In August 1998, Spahr agreed to pay Day $450,000 and Day agreed to have the confirmed default judgment set aside.
Spahr filed an answer and reconventional demand on 11 March 1999. On 2 June 1999, they filed a supplemental and amending answer. On 2 September 1999, Spahr filed a motion for summary judgment. Spahr argued that Day had not stated a cause of action by the express terms of the contract and that assuming the contract protected Day's interests from Spahr's alleged misconduct, Day's breach of the contract precluded his recovery for Spahr's alleged breach. Day opposed the motion arguing that Spahr misrepresents the express language of the contract, that Spahr breached the express and implied terms of the agreement by failing to furnish certain equipment, by failing to deliver a certain amount of Amoco *338 fuel, and by failing to furnish serviceable equipment. The trial court granted the motion and dismissed all claims against Spahr. Day appealed arguing that genuine issues of material fact exist, precluding summary judgment.

DISCUSSION
Day argues that the trial court erred in dismissing the claims by summary judgment, since Spahr failed to disprove breach of the contract. Appellate courts review summary judgments de novo. Firstar Communications of Louisiana v. Tele-Publishing, Inc., 2000-2220 (La.App. 4 Cir. 8/29/01), 798 So.2d 1032, 1035.
If the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
LSA-C.C.P. art. 966(C)(2). The burden of proof in an action for breach of contract is on the party claiming rights under that contract. Rebouche v. Harvey, 2001-2327 (La.App. 4 Cir. 12/19/01), 805 So.2d 332. Day claims damages from Spahr's actions constituting breach of contract. Day bears the burden of proving his cause of action.
Day argues that Spahr breached the contract by failing to deliver the equipment promised in the agreement. Day argues that Spahr failed to disprove this allegation. However, we believe Day bears the burden of proving that Spahr was obligated to deliver certain equipment and failed to deliver it. Spahr, in an affidavit, stated that he never delivered a single dispensing pump for unleaded gas because the parties did not reach an agreement as required by the written contract. By its express terms the contract conditioned delivery of the single product dispensing pump on the parties reaching a mutual agreement, distinct from the written agreement. Spahr stated, in his affidavit, that the parties never reached such an agreement. Day offered no evidence to prove that Spahr failed to deliver the promised equipment and he offered no evidence to contradict Spahr's affidavit.[3]
Day alleges that Spahr failed to maintain the provided equipment and thus breached the contract. However, by the express terms of the equipment loan agreement, Day "agree[d] to keep the above described equipment in good order and repair." In his brief, Day acknowledges that he bore the responsibility for maintaining the equipment under the terms of the written agreement, but he argues that Spahr assumed responsibility for maintaining the equipment by making repairs to the pumps in the early days of the agreement. We find no error in the trial court's judgment dismissing all claims for breach of contract by Day against Spahr for allegedly failing to maintain the leased equipment.
Day alleges that Spahr breached the consignment agreement by failing to deliver at least 8000 gallons of Amoco gasoline when Day requested delivery of fuel. Essentially, Day's claim is two-fold, that Spahr failed to deliver at least 8000 *339 gallons of gasoline upon request and that Spahr sold Day inferior gasoline. Day offered no evidence to prove the allegations concerning inferior fuel. In his opposition to the motion for summary judgment, Day attached an affidavit in which he stated that certain reports proved that Spahr delivered inferior fuel. However, he did not attach these reports to his opposition or his affidavit (a violation of LSA-C.C.P. art. 967). Regarding the claim that Spahr delivered less gas than the promised 8000 gallons, we find no evidence to support this allegation in the record.
Day claims that Spahr solicited business from Day's customers. Day offered no evidence to support a cause of action. Day argues that the written agreement evidenced an implied non compete clause, because the agreement provided, "[a]s an incentive to promote Gasoline and Diesel sales, Dealer [Day] will be reimbursed 2c Two Cents per gallon on all gasoline and diesel fuel sold monthly in excess of 24,000 gallons combined." Assuming this provision prohibited competition between Day and Spahr and Spahr violated that covenant, we find no authority for Day's argument that such a prohibitions may be implied. Moreover, LSA-R.S. 23:921 specifically prohibits such agreements, making them "null and void," except in limited circumstances outlined by the act. Furthermore, Day argues that he stated a claim for tortious interference with a contract. Day alleges that Spahr solicited business from his customers, thus preventing Day from earning the additional money. Day offered no evidence of these allegations.
Lastly, Day alleges that Spahr sent bills and invoices to Day for services and fuel which Spahr did not provide or deliver. We find no evidence in the record to support this claim. Day did not pay Spahr any amounts in excess of what Day believed was owed. Day did not allege any damages. If billing an amount for which a party disputes or denies the charge were sufficient to state a cause of action, the courts would be overrun with claims. Day failed to state a cause of action.

CONCLUSION
For the above reasons, we affirm the summary judgment dismissing all claims by Day against Spahr.
AFFIRMED.
NOTES
[1] The lease is dated 14 January 1981, but other evidence in the record convinces us the correct year was 14 January 1982. The parties do not argue the fact.
[2] Day filed two petitions. However Day has abandoned those claims in the first petition that are not also raised in the second petition, since on appeal he does not challenge their dismissal.
[3] On appeal Day attached certain evidence not introduced to the trial court. Spahr moved to strike this evidence. We grant Spahr's motion to strike.