| | | |
|---|---|---|
| **REGIONS INSURANCE, INC.** | * | **NO. 2019-CA-0714** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **ALLIANCE CAB SERVICE, LLC** | * | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-04659, DIVISION "D"
Honorable Nakisha Ervin-Knott, Judge
* * * * * *
**Judge Regina Bartholomew-Woods**
* * * * * *
(Court composed of Judge Terri F. Love, Judge Regina Bartholomew-Woods,
Judge Tiffany G. Chase)

**CHASE, J., CONCURS WITH REASONS**

Carroll Devillier, Jr.
Thomas Richard Temple, Jr.
BREAZEALE SACHSE & WILSON, LLP
301 Main Street, Suite 2300
Post Office Box 3197
Baton Rouge, LA 70821-3197

      COUNSEL FOR PLAINTIFF/APPELLEE

Joseph Raymond McMahon, III
Attorney at Law
2332 Severn Avenue, Suite 100
Metairie, LA 70001

      COUNSEL FOR DEFENDANT/APPELLANT

**AFFIRMED**
**March 4, 2020**

This appeal arises from a breach of an insurance contract. Plaintiff-Appellee, Regions Insurance Company, Inc., ("Regions"), a foreign corporation authorized to do business in Louisiana, sued Defendant-Appellant, Alliance Cab Services, LLC, ("Alliance"), a Louisiana limited liability company, to recover an undisputed debt for unpaid commercial insurance premiums. After reviewing the record and applicable law, we affirm the trial court's grant of summary judgment in favor of Regions.

## FACTUAL AND PROCEDURAL HISTORY

The underlying facts are undisputed. On January 26, 2017, Alliance submitted a Commercial Insurance Application to Regions[1] to procure a Business Automobile Policy ("the Policy") that provided business automobile coverage. The Policy was issued to Alliance through American Service Insurance Company ("the Carrier") for a period of one (1) year starting February 1, 2017, and ending February 1, 2018.

Regions billed Alliance monthly for the premiums due on the policy. Regions, in turn, paid the Carrier for the accrued premiums due on the policy.

---

[1] Regions Insurance Company, Inc., is an agent, a broker, and a producer.

Alliance paid multiple monthly premiums under the Policy, but ceased payments starting in November 2017. Numerous cancellation notices were sent to Alliance, by both Regions and the Carrier. The Policy was ultimately cancelled for non-payment on December 28, 2017. Credit for the unearned premiums under the policy was given upon cancellation of the Policy in the amount of $45,071.00, and was applied to the open unpaid invoices. The remaining premiums due and owing under the Policy totaled $95,481.49. After the allowance of all credits due to Alliance, Alliance was obligated to Regions in the principal sum of $95,481.49.

On May 11, 2018, Regions filed a petition for breach of contract. In response, Alliance filed a motion for extension of time to file its answer and was granted thirty (30) days from the September 24, 2018 deadline until October 23, 2018, to file an answer. On November 16, 2018, after Alliance failed to file its answer by the deadline, Regions filed a motion and order for preliminary default. On November 19, 2018, Alliance filed a general denial answer. On December 20, 2018, Regions filed a motion for summary judgment; along with its motion, Regions attached an Affidavit of Correctness by Godfrey Marine Jr., the Area Executive for Regions, who attested to every fact stated in its petition. Additionally, Regions attached the following exhibits to the Motion for Summary Judgment: a copy of the Commercial Insurance Application, a copy of the Public Auto Supplement Application, copies of the notices of cancellation, official notice of cancellation, and the overdue invoices for premiums due.

On March 28, 2019, Alliance filed a memorandum in opposition to the Motion for Summary Judgment. In its opposition, Alliance admitted to every fact as alleged by Regions and adopted Regions' affidavit of correctness. On April 12, 2019, a hearing commenced on the motion for summary judgment filed by Regions. At the conclusion of the hearing, the trial court granted the motion for summary judgment in favor of Regions. On June 11, 2019, Alliance filed a

2

suspensive appeal pursuant to La. C.C.P. art. 2123.[2] As a basis to have its suspensive appeal granted without furnishing a bond, Alliance relied on La. R.S. 13:4581.[3] However, since this statute is applicable to governmental bodies only, it is inapplicable to Alliance, a private company. As such, the trial court denied Alliance's suspensive appeal. Therefore, this appeal proceeded as a devolutive appeal.

## DISCUSSION

### *Assignments of Error*

Alliance assigns three errors for review; we summarize those errors succinctly as: whether the trial court erred by granting Appellee's motion for summary judgment.

_____

[2] La. C. C. P. art. 2123 addresses the delay for taking suspensive appeal and provides:

A. Except as otherwise provided by law, an appeal that suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within thirty days of any of the following:
(1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.
(2) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial or judgment notwithstanding the verdict, as provided under Article 1914.

B. Whenever one or more parties file motions for a new trial or for judgment notwithstanding the verdict, the delay periods specified herein commence for all parties at the time they commence for the party whose motion is last to be acted upon by the trial court.

C. An order of appeal is premature if granted before the court disposes of all timely filed motions for new trial or judgment notwithstanding the verdict. The order becomes effective upon the denial of such motions.

D. The time within which to take a suspensive appeal under the provisions of this Article is interrupted for all parties upon the filing of a notice of removal in a district court of the United States, pursuant to the provisions of 28 U.S.C. 1446, and commences anew on the date the proceeding is remanded.

[3] La. R.S. 13:4581 provides:

The state, state agencies, political subdivisions, parish, and municipal boards or commissions exercising public power and functions, sheriffs, sheriffs' departments, and law enforcement districts, the Louisiana Insurance Guaranty Association, the Louisiana Citizens Property Insurance Corporation, and the Patient's Compensation Fund, or any officer or employee thereof, shall not be required to furnish any appeal bond or any other bond in any judicial proceedings instituted by or brought against them, that arise from activities within the scope and course of their duties and employment.

*Standard of Review*

"Appellate courts review the grant or denial of summary judgment *de novo*, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. This standard of review requires the appellate court to look at the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, to determine if they show no genuine issue as to material fact exists, and that the mover is entitled to judgment as a matter of law." *Chapital v. Harry Kelleher & Co., Inc.*, 2013-1606, pp. 5-6 (La. App. 4 Cir. 6/4/14), 144 So.3d 75, 81(quoting *Mandina, Inc. v. O'Brien*, 2013-0085, pp.8-9 (La. App. 4 Cir. 7/31/13) 156 So.3d 99, 104).

This Court explained in *Alexander v. Hancock Bank*, 2016-0662, pp. 3-4 (La. App. 4 Cir. 2/8/17), 212 So.3d 713, 715-716:

The initial burden of proof rests on the moving party. La. C.C.P. Art. 966 D(1). However, if the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather, to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense. Thereafter, if the adverse party fails to provide factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. It is only after the motion has been made and properly supported that the burden shifts to the non-moving party.

* * *

[I]t is the applicable substantive law that determines materiality.

* * *

In order to determine whether the trial court's grant of summary judgment was proper, this court must look to the applicable substantive law. (internal citations omitted).

* * *

*Breach of Contract*

Here, the underlying issue arises from a breach of contract. This Court has stated that '"[t]he essential elements of a breach of contract claim are (1) the obligor's undertaking an obligation to perform, (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages to the obligee."' *New Orleans Private Patrol Service, Inc. v. Corporate Connection, Inc.*, 2017-0746, p.7 (La. App. 4 Cir. 3/21/18), 239 So.3d 480, 484 (quoting *Favrot v. Favrot*, 2010-0986, pp. 14-15 (La. App. 4 Cir. 2/9/11), 68 So.3d 1099, 1108-09). '"The burden of proof in an action for breach of contract is on the party claiming rights under the contract."' *Danna v. Ritz-Carlton Hotel Co., LLC*, 2015-0651, p.8 (La. App. 4 Cir. 5/11/16), 213 So.3d 26, 33 (qouting *Rebouche v. Harvey*, 2000-2327, p. 3 (La. App. 4 Cir. 12/19/01), 805 So.2d 332, 334). For Regions to prevail, it needs to prove that Alliance had an obligation to perform; Alliance failed to perform; and that Regions sustained damages, as a result of Alliance's failure to perform its contractual duty.

"The first element of a breach of contract claim requires that the parties have a contractual relationship." *Corporate Connection Inc.*, 2017-0746, p.7, 239 So.3d at 484. Here, it is undisputed that Alliance formed a contractual relationship with Regions when it sought business automobile coverage on January 26, 2017, as evidenced by the Policy. Regions, in filing its petition with the trial court, attached the commercial insurance application filled out by representatives for both parties. The application for business automobile coverage provided the proposed effective and expiration dates; the names of the parties to the contract, namely Regions as the agent, American Services Insurance, Inc., as the carrier, and Alliance as the insured. As such, Regions established that there was a contractual relationship between the parties.

The second element of a breach of contract is the obligor's failure to perform. *Id.,* 2017-0746, p.7, 239 So.3d at 485. Here, the contract for business automobile coverage that Alliance entered into with Regions was for a period of one (1) year, beginning on February 1, 2017, through February 1, 2018. Under the contract, Alliance was to make monthly payments to Regions for the premiums due on the policy. Alliance made monthly payments until November 2017, when it "ceased payment without explanation." At the hearing on the motion for summary judgment, Regions presented evidence showing that Alliance failed to make monthly payments after November 2017, by attaching to its petition invoices that it sent to Alliance once the payments ceased. Also, Regions presented evidence that the Carrier sent invoices and cancellation notices to Alliance. Because, pursuant to the contract, Alliance was obligated to pay monthly premiums to Regions, but ceased payment in November 2017, Alliance breached its contract with Regions.

The third and final element of a breach of contract is proof of damage. To this end, Regions attached to its petition for damages invoices of amounts owed totaling $95,481.49. Regions also attached the cancellation notices it sent to Alliance. Additionally, Regions attached cancellation notices from the Carrier informing Alliance "[w]e are cancelling this policy." As such, Regions was not compensated for the amount due and owing under the Policy.

Considering the facts and evidence adduced in the foregoing, Regions met its burden of proof and sustained its claim of a breach of contract against Alliance. Consequently, the burden of proof shifted to Alliance to provide factual evidence showing that there was no contractual relationship between the two parties, and as such, that it had no obligation to perform under the contract, and more importantly, that Regions did not sustain damages as a result of Alliance's non-performance.

As to the first element, a contractual relationship between the parties, Alliance does not dispute this fact. In fact, Alliance, stated that, "[o]n January 26,

6

2017, Appellant submitted a Commercial Insurance Application to Regions Insurance Inc., as an insurance agency, to procure a Business Auto policy." Furthermore, Alliance adopted the Affidavit of Correctness filed by Regions' Area Executive who attested to the same fact. Alliance did not offer any evidence to controvert the assertion established by Regions that a contractual relationship existed. Rather, Alliance admitted that a contractual relationship existed.

Further, as it relates to whether Alliance had an obligation to perform, Alliance stated in its opposition memoranda, "[t]he premium due for the Policy was billed monthly by [Appellee] to [Appellant]. . . Alliance paid multiple monthly premiums under the Policy but ceased payment without explanation starting in November 2017." Alliance admits to having an obligation to make monthly payment to Regions. When Alliance stopped making those payments in November 2017, it breached the contract. As a result of this breach, Regions is owed $95,481.49 for the owed or unpaid premiums.

On proof of damages, Alliance admits in its opposition memoranda that "[n]umerous cancellation notices were sent to the insured by [Appellee] and the Carrier, and the policy was cancelled on December 28, 2017." Alliance, also admitted that, "[t]he remaining premiums due and owing under the Policy currently total $95,481.49."

In light of the facts presented and the evidence offered, we conclude that Alliance obtained a business automobile insurance policy from Regions for a period of one (1) year, thereby creating a contractual relationship between it, Carrier, and Regions. While Alliance paid multiple monthly premiums under the term of the policy, it ceased doing so in November 2017. When Alliance ceased making payments under the term of the policy, it breached the contract. As a result, Alliance owes Regions for the accrued and unpaid premiums under the policy. Therefore, we find there is no genuine issue of material fact to preclude the

granting of summary judgment in favor of Regions, because Alliance did not controvert any of Regions allegations. Likewise, we find that the trial court properly granted summary judgment.

### *Affirmative Defense*

Alliance contends, for the first time on appeal, that Regions failed to prove that the Policy was legally cancelled. Pursuant to La. C.C.P. art. 1005, all affirmative defenses shall be specifically pled in the answer. Alliance neither raised this as an issue in its original answer before the trial court, nor amended its answer on the hearing on the motion for summary judgment. As such, it is precluded from raising this issue before this Court. Moreover, "[a]n issue not raised in pleadings or in a motion for summary judgment in the Court below cannot be raised for the first time on appeal." *See Uniform Rules, Court of Appeal Rule 1-3* (scope of review); *Nixon v. K & B, Inc.*, 1993-2055 p. 3 (La. App. 4 Cir. 1/19/95), 649 So.2d 1087, 1089.

## CONCLUSION

For the aforementioned reasons, we affirm the trial court's judgment granting summary judgment in favor of Regions.

**AFFIRMED**